UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

COVON MARTIN, a child under the age of 18
years by his mother and guardian Kim Martin;
and KIM MARTIN mother and guardian of
Covon Martin;

                       Plaintiffs,

   -v-                                               1:02-CV-1281

RICHARD W. MOSCOWITZ, M.D.,

                       Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                               OF COUNSEL:

BRADLEY A. SACKS, ESQ.
Attorney for Plaintiffs
20 Vesey Street, Suite 200
New York, NY 10007

MEISELMAN, DENLEA, PACKMAN, CARTON   RICHARD J. NEALON, ESQ.
   & EBERZ P.C.
Attorneys for Defendant
1311 Mamaroneck Avenue
White Plains, NY 10605

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

## I. INTRODUCTION

       This medical malpractice action was brought by Kim Martin on behalf of her then-

minor son plaintiff Covon Martin ("Covon" or "plaintiff") alleging medical malpractice by

defendant Richard W. Moscowitz, M.D. ("Moscowitz")[1]. After a jury trial, held November 29, 2004, through December 3, 2004, in Utica, New York, a verdict in favor of Moscowitz was rendered. On post-trial motions by plaintiffs it was held that there was not a legally sufficient evidentiary basis for the jury's verdict, and further that the verdict was seriously erroneous and a miscarriage of justice. Accordingly, a new trial on the issue of damages was held on December 12-14, 2005, in Utica, New York. The jury rendered a verdict awarding Covon the following damages: (1) $400,000 for pain and suffering as the result of the August 18, 1999, surgery and two subsequent surgeries; (2) $400,000 for pain and suffering to the present as a result of chondrolysis and degenerative arthritis; (3) $1,750,000 for pain and suffering in the future (55 years) as a result of chondrolysis and degenerative arthritis; and (4) $900,000 for medical expenses in the future as a result of the chondrolysis and degenerative arthritis. Judgment was entered accordingly.

Defendant now moves for relief from the judgment, as set forth more specifically below. Plaintiff cross-moves for post-judgment interest and for a higher fee. Oral argument was heard on January 17, 2006, in Albany, New York. Decision was reserved.

## II. FACTS

A detailed description of the facts of this case are set forth in a Memorandum-Decision and Order entered on August 16, 2005. See Martin v. Moscowitz, No. 102CV1281, 2005 WL 1959463, at *1-2 (N.D.N.Y. Aug. 16, 2005). Familiarity with the August 16, 2005,

---

[1] Although Moscowitz and his medical practice, Richard W. Moscowitz, M.D., P.A., P.C., are separately named as defendants, for the purposes of this decision Moscowitz is treated as the sole defendant.

order is assumed, and the facts will not be repeated.  The following facts are to provide context and to set forth the evidence adduced at trial upon which the motions are based.

Covon suffered from slipped capital femoral epiphysis ("SCFE").  Moscowitz performed corrective surgery on Covon's left hip on February 17, 1999.  He performed corrective surgery on Covon's right hip on August 18, 1999.  In both of these surgeries, Moscowitz employed multiple Knowles pins to stabilize the SCFE.  Another, newer, type of fixation device, the cannulated screw, was available.  Use of the cannulated screw virtually eliminated the possibility of a continuing pin penetration, whereas that possibility was very real with the Knowles pins.  Id. (explaining how the differences in these devices affect the potential for continuing pin penetration).  Continuing pin penetration would cause chondrolysis, a painful, permanent condition.  See id. at *5.  Further, chondrolysis would not occur with use of a cannulated screw and if no treatment had been given.  Id.

In Covon's case, the Knowles pins did penetrate.  Moscowitz removed a penetrating pin from Covon's left hip on May 28, 1999.  After the August 1999 surgery on his right hip, Covon continued to experience pain and limited range of motion beyond the three-week recuperative period Moscowitz predicted.  Covon consulted Dr. James Schneider ("Schneider") for a second opinion.  Schneider determined that two of the four Knowles pins in Covon's right hip were penetrating, and on November 4, 1999, he surgically removed them.  Further, Schneider determined that Covon had chondrolysis, synovitis, and degenerative arthritis in the right hip, causing permanent pain and limited range of motion.  These conditions will deteriorate over time, and he will need, at the least, a total hip replacement of the right hip.  Covon has been advised to avoid having the hip replaced for as

long as he can tolerate the pain, because hip replacements last only ten to fifteen years, necessitating multiple replacements throughout his lifetime.

## III. STANDARDS

### A. Rule 50--Judgment as a Matter of Law

In considering a motion for judgment as a matter of law, the evidence must be considered in the light most favorable to the non-movant, and all inferences must also be drawn in the non-movant's favor. Nimely v. City of New York, 414 F.3d 381, 390 (2d. Cir. 2005). Conflicting evidence cannot be weighed and the witnesses' credibility cannot be judged. Id. The judgment of the jury cannot be supplanted. Id. The motion may be granted only where there was "no legally sufficient evidentiary basis for a reasonable jury to find" in the non-movant's favor. Fed. R. Civ. P. 50(a); Nimely, 414 F.3d at 390. That is, the motion may not properly granted unless "there is 'such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded men could not arrive at a verdict against [the moving party].'" LeBlanc-Sternberg v. Fletcher, 67 F.3d 412, 429 (2d Cir. 1995) (alteration in original) (quoting Song v. Ives Labs., Inc., 957 F.2d 1041, 1046 (2d Cir. 1992)).

### B. Rule 59--Motion for a New Trial

On a motion for a new trial, "the trial judge is free to weigh the evidence himself and need not view it in the light most favorable to the verdict winner." Bevevino v. Saydjari, 574 F.2d 676, 684 (2d Cir. 1978). Independent judgment may be exercised despite the existence of evidence which supports the jury's verdict. Nimely, 414 F.3d at 392. However, the mere fact that the trial judge may not agree with the jury's verdict is no reason alone to

grant a new trial.  Mallis v. Bankers Trust Co., 717 F.2d 683, 691 (2d Cir. 1983).  Grant of a new trial is warranted only where the court "'is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice.'"  Sorlucco v. New York City Police Dep't, 971 F.2d 864, 875 (2d Cir. 1992) (quoting Smith v. Lightning Bolt Produc., Inc., 861 F.2d 363, 370 (2d Cir. 1988)).

## IV. DISCUSSION

Defendant moves for judgment notwithstanding the verdict pursuant to Fed. R. Civ. P. 50, arguing that the damages awards are excessive and must be structured pursuant to New York law.  He further moves for a new trial pursuant to Fed. R. Civ. P. 59, arguing that the issue of proximate cause should have been reserved for the jury rather than determined as a matter of law, and that improper comments by plaintiff's counsel during summation tainted the verdict.  Plaintiff opposes and cross-moves for post-judgment interest and for a higher attorneys fee pursuant to N.Y. Judiciary Law § 474-a.

### A. Excessive Damages

Moscowitz argues that the jury awards of $900,000 for future medical expenses, $400,000 past pain and suffering related to the surgeries, $400,000 other past pain and suffering, and $1,750,000 future pain and suffering were excessive in light of the trial testimony.  Plaintiff contends that the award is reasonable.

State law "governs the issue of the excessiveness of a jury award in a diversity case."  Consorti v. Armstrong World Indus., Inc., 103 F.3d 2, 4 (2d Cir. 1996) (per curiam) (citing Gasperini v. Center for Humanities, Inc., 518 U.S. 415, 437, 116 S. Ct. 2211, 2224 (1996).  New York law addresses the propriety of jury verdicts as follows:

> "In reviewing a money judgment . . in which it is contended that the award is excessive or inadequate and that a new trial should have been granted unless a stipulation is entered to a different award, the appellate division shall determine that an award is excessive or inadequate if it deviates materially from what would be reasonable compensation."

Gasperini, 518 U.S. at 423, 116 S. Ct. at 2217 (quoting N.Y. C.P.L.R. 5501(c)).  The "materially deviates" standard set forth in the state statute is applied by federal district courts sitting in diversity.  See id. at 437-38, 116 S. Ct. at 2224-25 (explaining how, within the federal system, the state substantive statute is applied at the trial level, and appellate review by the circuit court of appeals is for abuse of discretion; in this way, the Seventh Amendment is not violated).

"In applying this standard, a district court reviews the evidence presented at trial in support of the challenged damage award and compares the award to other New York cases in which evidence of similar injuries was presented."  Presley v. United States Postal Serv., 317 F.3d 167, 173 (2d Cir. 2003) (citing Gasperini, 518 U.S. at 437-39, 116 S. Ct. at 2224-25).

The jury awarded $900,000 for future medical expenses.  At trial the parties stipulated that the current cost of a hip replacement, including physician's charges and hospital expense, is approximately $36,000.  (Ct. Ex. 2 at 22.)  It was undisputed that a hip must be replaced every ten to fifteen years.  Id.  Further, the jury anticipated plaintiff's lifetime to span 55 years, as indicated by the award of future pain and suffering to cover a period of 55 years, Ct. Ex. 1 Question 3b.  Thus, it would be proper for the jury to have determined that plaintiff would require as many as five hip replacements over his lifetime.  There was testimony that successive hip replacement surgeries would become more complex.  There was also testimony at trial that plaintiff required daily prescription pain medication, and that

rehabilitation would be required subsequent to each surgery. However, $900,000 for future medical expenses is excessive. Accordingly, a new trial will be ordered unless plaintiff accepts a remittitur for future medical expenses to $350,000.00. See Cunningham v. Vincent, 234 A.D.2d 648, 652 (N.Y. App. Div. 3d Dep't 1996) (finding award of $400,000 for future medical expenses "supported by evidence of plaintiff's vastly diminished quality of life and chronic pain which will require permanent medical treatment").[2]

        The jury awarded a total of $800,000 for past pain and suffering. Defendant's entire argument on this point consists of a single sentence: "Finally, the award for past pain and suffering of $400,000 and for the past operations of $400,000 are excessive and likely duplicative." (Def.'s Mem. at 4.) Past pain and suffering covered a period of over five years (August 18, 1999, to December 14, 2005). During this time, Covon had constant pain requiring narcotic prescription drugs. He had three surgeries, each followed by a recuperative period, during much of which he had to use crutches for ambulation. He was unable to participate in any sports activities that he had previously enjoyed. Moreover, Covon was only thirteen years old at the time of the first operation at issue here. The jury's award for past pain and suffering does not deviate materially from what is reasonable. See Carl v. Daniels, 268 A.D.2d 395, 395 (N.Y. App. Div. 1st Dep't 2000) (jury award of $2,300,000 for past pain and suffering does not deviate materially from reasonable compensation where 12-year-old suffered fractured left femur requiring three surgeries and involving "ongoing pain, substantial limitations in range of motion and a likelihood fo future surgery and chronic pain"); Stevens v. Bronx Cross County Medical Group, P.C., 256 A.D.2d

---

[2] It is noted that neither party cited to any case to support their positions on this point.

165, 165 (N.Y. App. Div. 1st Dep't 1998) (finding $3 million award for past and future pain and suffering does not deviate materially where plaintiff had undergone two hip replacements at the age of 21 and would require periodic replacement surgeries); see also Stokes v. New York Medical Group, P.C., 304 A.D.2d 449, 449 (N.Y. App. Div. 1st Dep't 2003) (finding jury award of $1 million for past pain and suffering reasonable where plaintiff lost "two gangrenous toes and part of the metatarsal head, with concomitant pain").

        The jury awarded $1,750,000 for future pain and suffering over a period of 55 years. Defendant contends that this amount "is excessive, due to improper arguments by plaintiff's counsel designed to appeal to the sympathies of the jury." (Def.'s Mem. at 4.) Notably, defendant does not argue that this amount deviates materially from what is reasonable. Given the testimony at trial that Covon will have constant pain requiring prescription narcotics, multiple hip replacement surgeries, rehabilitation from those surgeries, and permanent inability to participate in physical activities that he previously enjoyed, $1,750,000 for pain and suffering over the next 55 years does not materially deviate from what is reasonable compensation. See Boulukos v. 213 P.A.S., L.L.P., 7 A.D.3d 346, 347-48 (N.Y. App. Div. 1st Dep't 2004) (finding $1.5 million reasonable compensation for pain and suffering over 35 years for serious ankle injuries), leave to appeal denied, 6 N.Y.2d 710 (2006); Young v. Tops Markets, Inc., 283 A.D.2d 923, 924 (N.Y. App. Div. 4th Dep't 2001) ($2.5 million reasonable compensation for future pain and suffering over 25 years due to "serious injuries to his right femur, spinal column, pelvis, and right knee and heel that cause continuous pain," although he can "walk with a cane, drive himself around town and do light work around the house"); Carl, 268 A.D.2d at 395 ($2.5 million reasonable for future pain and

suffering for 12-year-old who suffered severe leg fracture with "ongoing pain, substantial limitations in rage of motion and a likelihood of future surgery and chronic pain").

Only the jury award for future medical expenses materially deviated from what is reasonable. Thus, defendant's motion for a new trial as to future medical expenses will be granted unless plaintiff accepts a remittitur from $900,000 to $350,000 for this item of damages. Defendant's motion will be denied in all other respects.

### B. Improper Comments by Counsel

Moscowitz contends that comments made by plaintiff's counsel during summation were prejudicial and require a new trial.

A new trial is warranted where "'opposing counsel's conduct causes prejudice to that party . . . thereby unfairly influencing its verdict.'" Tesser v. Bd. of Educ. of the City Sch. Dist. of New York, 370 F.3d 314, 321 (2d Cir. 2004) (quoting Greenway v. Buffalo Hilton Hotel, 143 F.3d 47 (2d Cir. 1998) (citing Minneapolis, St. Paul & Sault Ste. Marie Ry. Co. v. Moquin, 283 U.S. 520, 521, 51 S. Ct. 501, 502 (1931) and Pappas v. Middle Earth Condominium Ass'n, 963 F.2d 534, 540 (2d Cir.1992)). The totality of the circumstances must be considered, "including the nature of the comments, their frequency, their possible relevance to the real issue before the jury, [and] the manner in which the parties and the court treated the comments." Hopson v. Riverbay Corp., 190 F.R.D. 114, 122 (S.D.N.Y. 1999) (internal quotation omitted). A summation should be considered in its entirety "within the context of the court's rulings on objections, the jury, and any corrective measures applied by the trial court." Parrish v. Sollecito, 280 F. Supp. 2d 145, 168 (S.D.N.Y. 2003) (internal quotation omitted).

The first allegedly improper comment by plaintiff's counsel was "Well, if it was you or your children--." (Trial Tr. at 412.)  Defense counsel objected before the comment was finished, and the objection was sustained, with the admonition "Don't go that way." Id. Plaintiff's counsel made the comment in the context of the difficulty of choosing among the alternatives for corrective surgery.  He then expanded about the difficult choices with which Covon would be faced, such as the surgeries and the pain control medications. See id. at 412-415.  Plaintiff's counsel stated:  These are really, really difficult decisions for any person, but particularly a young person . . . ." Id. at 415.

Defendant also contends that a suggestion by plaintiff's counsel that the defendant improperly tried to avoid taking responsibility, but that a prior determination prevented that. See id. at 396.  Again, the defense promptly objected and the objection was sustained.

The final statements defendant contends were improper compared the value of plaintiff's pain and suffering to "very rare instances of personal value that are far from everyday evaluations" and supplied to the jury the value of rare objects.[3]  (Def.'s Mem. at 9.)

The reference to "you or your children" verged on improper. See Marcoux v. Farm Serv. & Supplies, Inc., 290 F. Supp 2d 457, 462-63 (S.D.N.Y. 2003) (explaining the "Golden Rule" under which counsel should not ask jurors to put themselves in the plaintiff's shoes). However, the objection to this statement was sustained, and the thought was not completed. Further, counsel's subsequent remarks clarified that he was attempting to explain the

---

[3] Although the defendant does not specify particular statements, he apparently refers to statements such as "I think Covon's pain and suffering from now to the end of his life . . . if I said to you that that's worth five million dollars, you would say, I think, that sounds like an awful lot of money.  But if I said to you I want to buy a VanGough [sic] painting, and you know what--" (See Trial Tr. at 420.) Defense counsel objected to this, and the objection was overruled. Id.  Plaintiff's counsel continued his statement that the jury would not be surprised that a VanGogh painting cost sixty million dollars, a race horse cost twenty million dollars, and Julia Roberts was paid twenty million dollars for one movie. Id.

- 10 -

difficulty of the choices Covon would face. Thus, although arguably improper, the statement was more akin to focusing the jury's attention on the difficulty of Covon's decisions, rather than improperly asking the jury to stand in the shoes of the plaintiff. See id. at 466 (distinguishing the remarks, such as "give us the kind of deal that you would want to get," held improper in Klotz v. Sears, Roebuck & Co., 267 F.2d 53, 54-55 (7th Cir. 1959)).

Again, the objection to the suggestion that defendant was trying to avoid responsibility was sustained, and the thought was not completed. No additional statement of this type was made.

The statements setting values of rare objects, rather than day-to-day evaluations were not improper. Rather, the values were illustrative of valuing things relative to their context. Counsel's objection to the statement was properly overruled. Moreover, on this motion defendant has cited no case law supporting the proposition that this type of comments are improper.

In addition to sustaining the two arguably improper statements at the time they were made, the jury was instructed that inferences could be made only from admitted evidence and testimony. (Trial Tr. at 429.) The jury was further instructed that the closing statements of counsel were not evidence. Id. The statements were not completed, and were de minimis in the context of a summation of approximately one hour. See Hopson, 190 F.R.D. at 122 (citing Pappas, 963 F.2d at 540 for the proposition that where conduct is de minimis a new trial is not warranted). Given the totality of the circumstances, there were no errors or improper comments that would have prejudiced the jury or deprived defendant of a

fair trial. See Parrish, 280 F. Supp. 2d at 168. Defendant is not entitled to a new trial on this basis.[4]

### C. Proximate Cause

The defendant argues that proximate cause is a question that should have been reserved for the finder of fact. This argument is merely a repetition of defendant's argument seeking reconsideration of the August 16, 2005, Memorandum-Decision and Order granting plaintiff's motion for a new trial on the issue of damages.[5] This issue was fully analyzed previously, see Martin, 2005 WL 1959463, at *3-6, therefore it will not be analyzed again here.

### D. Structured Verdict, Post-judgment Interest and Attorneys Fees

Defendant argues that the judgment must be structured pursuant to N.Y. C.P.L.R. 50-A. Plaintiff opposes structuring the judgment. Plaintiff cross-moves for post-judgment interest from the date of the first trial. Defendant contends that interest should accrue only from August 17, 2005. The parties also disagree about the appropriate interest rate. Plaintiff also cross-moves for an increased attorney fee pursuant to N.Y. Judiciary Law § 474-a. Defendant did not address this issue.

---

[4] As noted, there were three isolated statements that allegedly prejudiced the jury. Contrast this with the "numerous misstatements of fact and law and repeated acts of misconduct by defense counsel" that warranted a new trial despite curative instructions. See Hopson, 190 F.R.D. at 122-23. In Hopson the jury was tainted by defense counsel's "unfounded claim that Mr. Hopson had been the subject of more than two charges at the Department of Corrections disciplinary proceedings, a clearly erroneous misstatement of the alcohol impairment law, misleading statements on summation over sustained objections, and [her] misrepresentation that she had authority to settle." Id. at 122.

[5] Reconsideration was denied by summary order.

Given the inevitability of an appeal of this matter, decision on these issues will be reserved pending resolution of an appeal. Accordingly, the motions in these regards will be denied without prejudice to renew.

## V. **CONCLUSION**

The jury award of $900,000 for future medical expenses is excessive. A new trial will be granted in this respect unless plaintiff consents to a remittitur to $350,000. The remaining damages awards do not deviate materially from what is reasonable compensation.

Any arguably improper comments made by plaintiff's counsel in summation caused no prejudice to defendant and did not unfairly influence the jury's verdict. Defendant's argument regarding proximate cause has been considered and is rejected. Finally, consideration of structuring the judgment, awarding post-judgment interest, and increased attorney fees are reserved pending resolution of any appeals.

Accordingly, it is

ORDERED that

1. Defendant's motion for a new trial on all matters except for the amount of future medical expenses is DENIED;

2. Defendant's motion for a new trial on the amount of future medical expenses is GRANTED unless plaintiff consents to a remittitur to $350,000.00 for that element of damages;

3. The plaintiff shall file under oath an acceptance or rejection of the remittitur by September 15, 2006;

4. If the remittitur is accepted an appropriate amended judgment will be entered; and

      5.  If the remittitur is rejected the judgment will be vacated and a trial date will be set on the sole issue of damages for future medical expenses;

      6.  Defendant's motion to structure the verdict is DENIED without prejudice;

      7.  Plaintiff's cross-motion for post-judgment interest and a higher fee is DENIED without prejudice.

      IT IS SO ORDERED.

_____
United States District Judge

Dated:  September 5, 2006
        Utica, New York.